NICK JAMSON, APPELLANT, v. CITY OF GRAND ISLAND, NEBRASKA, A MUNICIPAL CORPORATION, ET AL., APPELLEES.

143 N. W. 2d 877

Filed June 24, 1966. No. 36165.

Cunningham & Blackburn, for appellant.

Franklin L. Pierce and Duane A. Burns, for appellees.

Heard before CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and BURKE, District Judge.

BOSLAUGH, J.

This is an action to determine the validity of the zoning of a tract of land in the city of Grand Island, Nebraska, owned by the plaintiff, Nick Jamson. The defendants are the city and the members of the city council.

The trial court found that the zoning was not arbitrary, unreasonable, discriminatory, or illegal and dismissed the action. The plaintiff's motion for new trial was overruled and he has appealed.

The tract of land owned by the plaintiff is described as Lot 5 and the north 3 acres of Lot 8, in Home Subdivision. Home Subdivision is an area of approximately 70 acres which has been divided into 17 lots. It is located in the northern part of Grand Island near the city limits. It is bounded on the west by Broadwell Avenue and on the south by State Street. Eddy Street runs southeast from the intersection of Broadwell Avenue and State Street, which is known as "Five Points." U. S. Highway No. 281 and State Highway No. 2 are routed on Broadwell Avenue north of Five Points. There

has been commercial development along Broadwell Avenue north of Five Points, along State Street east of Five Points, and along Eddy Street southeast of Five Points.

Home Subdivision is bounded on the east by Wheeler Avenue which runs parallel to Eddy Street. Home Subdivision is approximately 434.5 feet wide at its northern boundary and 1,873 feet wide at its southern boundary.

All of Home Subdivision is zoned Residence A except a rectangular area in the southwestern part fronting on Broadwell Avenue and State Street and composed of Lots 6, 15, 16, and 17. Lots 6 and 17 are zoned Business B. Lots 15 and 16 are zoned Business A. Lot 5 fronts on Broadwell Avenue and is located directly north of the rectangular area which had been zoned for business. The property on the west side of Broadwell Avenue, except the first block north of State Street, is zoned Business B.

The area adjoining the plaintiff's property to the north, consisting of Lots 1, 2, 3, 4, and 7, is occupied by a hospital operated by the Veterans Administration. The main hospital building is a large structure approximately 5 stories high. There are other buildings, some of which are residential, and parking areas located on the property.

Lot 8 lies directly east of Lot 5 and fronts on Wheeler Street. The north 3 acres of Lot 8 are vacant at this time. The south 2 acres of Lot 8 are used for residential and agricultural purposes.

Lots 9, 12, 13, and 14, which lie directly south of Lot 8, are owned by the Blessed Sacrament Church. Church and school buildings are located upon the south part of this property. The northern part of this property is vacant at this time. The church may construct additional school buildings and an athletic field in this area.

Lots 10 and 11 in the southeastern corner of Home

Subdivision and the area east of Wheeler Street have been developed as residential areas.

A brick building that is used as a supermarket and which has a floor area of more than 13,000 square feet is located upon Lot 5. The building and adjacent parking areas were constructed before the land was annexed by the city and, apparently, are a nonconforming use.

In 1963, the plaintiff filed an application to rezone Lot 5 and the north 3 acres of Lot 8 to Business B. Action was deferred on this application and it was abandoned.

On December 2, 1964, the plaintiff filed an application requesting that Lot 5 and the north 3 acres of Lot 8, except the east 137 feet thereof, be rezoned Business A. The application was approved by the planning commission on two occasions. On January 25, 1965, the application was denied by the city council. This action followed.

In support of his contention that the zoning of the tract in question was arbitrary and illegal, the plaintiff produced witnesses who testified that in their opinion the most appropriate use of the property would be business or commercial. These witnesses included four real estate brokers, a contractor, and the pastor of Blessed Sacrament Church. Two of the witnesses were members of the planning commission that approved the plaintiff's application to rezone.

The validity of a zoning ordinance must be determined by an examination of the facts presented in the particular case. Whether a zoning ordinance is arbitrary and unreasonable, or illegal, must be determined by the evidence of the special surrounding conditions and circumstances. Bucholz v. City of Omaha, 174 Neb. 862, 120 N. W. 2d 270.

The validity of a zoning ordinance will be presumed in the absence of clear and satisfactory evidence to the contrary. The burden is on the party who attacks the validity of a zoning ordinance to prove facts which estab-

lish its invalidity. Bucholz v. City of Omaha, *supra.*

Where the validity of the legislative classification for zoning purposes is fairly debatable, the legislative judgment must be allowed to control. What is the public good as it relates to zoning ordinances affecting the use of property is primarily a matter lying within the discretion and determination of the municipal body to which the power and function of zoning is committed; and unless an abuse of discretion has been clearly shown, it is not the province of the court to interfere. Bucholz v. City of Omaha, *supra.*

With respect to Lot 5, the evidence shows that it is located in an area of commercial development that extends along the highway north from Five Points. The property to the west has been zoned Business B. Lot 6 which is directly south of Lot 5 was rezoned to Business B within the last 2½ years. The property to the north is occupied by the hospital. Although a hospital use may be consistent with residential use, the circumstances in this case do not require that Lot 5 be restricted to residential use.

The character of the use of Lot 5 was determined by the action of the city in zoning the property opposite it as Business B, and in rezoning the property immediately adjacent to it as Business B. The record in this case establishes that a zoning classification which restricts Lot 5 to residential use is arbitrary and unreasonable and cannot be enforced.

With respect to the north 3 acres of Lot 8, the evidence shows that it is surrounded by property which is zoned for residential use. Much of this property has been developed for residential use, or a use that is consistent with residential use. None of the property lying east of the east boundary of Lot 5, in the immediate area, has been zoned for business use or developed for business purposes. If the north 3 acres of Lot 8 were zoned for business use, it would amount to extending a zone for business use approximately 200 feet wide and 400 feet

long into an area that is otherwise zoned for residential use.

The evidence does not establish that the north 3 acres of Lot 8 are not suitable for residential use. The fact that the plaintiff does not propose to rezone the east 137 feet of the property is a recognition that residential use may be made of that part of the property. The record fails to establish that the zoning classification of the north 3 acres of Lot 8 is unreasonable and arbitrary.

The judgment of the district court should be modified to the extent that it did not determine that the zoning classification of Lot 5 was arbitrary and unreasonable. The judgment as modified is affirmed.

AFFIRMED AS MODIFIED.